The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Commissioner Ballance, the briefs on appeal and arguments of counsel. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives or amend the Opinion and Award. Accordingly, the Opinion and Award by Commissioner Bernadine S. Ballance is affirmed by the Full Commission.
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing and in the Form 21 Agreement for Compensation for Disability approved by the Commission on 6 January 1993 and the Form 26 Agreement for Compensation approved by the Commission on 12 February 1993 as:
STIPULATIONS
1. At the time of the injury giving rise to this claim, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. At such time, an employee-employer relationship existed between plaintiff-employee and defendant-employer.
3. The carrier on the risk for defendant-employer is Hartford Accident and Indemnity Company.
4. Plaintiff's average weekly wage was $170.00 per week, yielding a compensation rate of $113.34 per week.
5. The parties admitted in the Form 21 Agreement for Compensation that plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant-employer on 21 November 1992 and that said injury resulted in a sprained left ankle.
6. Temporary total disability was paid to plaintiff pursuant to the Form 21 Agreement for one and 1/7th (1 1/7) weeks at the rate of $113.34 per week. Temporary partial disability payments were paid to the plaintiff for a period of two weeks, from 19 December 1992, to 25 December 1992.
7. The medical records of Dr. Howard Mandell of Metrolina Neurological Associates are admitted into evidence by stipulation as Stipulated Exhibit 2.
* * * * * * * * * * * *
The Full Commission adopts the Findings of Fact found by Commissioner Ballance, as follows:
FINDINGS OF FACT
1. At the time of the injury giving rise to this claim, plaintiff was 30 years old. On 21 November 1992 plaintiff suffered an injury by accident while working for defendant-employer. Plaintiff was carrying a box of beach towels weighing approximately 60 pounds. As she stepped backwards onto a wooden pallet, her foot got caught between the slats causing her to fall backwards. As she fell backwards, plaintiff's body twisted while her foot remained hung in the pallet. Plaintiff landed on the concrete floor, striking the middle portion of her back on the floor. Plaintiff heard a popping noise in her knee and immediately experienced intense pain in her knee and ankle. The box of beach towels that plaintiff was carrying landed on top of her.
2. Plaintiff reported her injury to her supervisor, Jerry Walker, on 23 November 1992 and an appointment was immediately made for plaintiff to be treated by Dr. John Vick.
3. Plaintiff received treatment from Dr. Vick on 24 November 1992, 1 December 1992, and on 8 December 1992. During these visits plaintiff complained of pain and swelling in the ankle and knee which were diagnosed as sprained ligaments of the knee and ankle sprain. Plaintiff was fitted with a knee immobilizer and ankle stabilizer and was released to return to work only in a sitting job.
4. Subsequently, Dr. Vick referred the plaintiff to Dr. Anthony R. Timms. Plaintiff saw Dr. Timms initially on 8 January 1993. Plaintiff's chief complaint at that time was pain in the left knee area. Dr. Timms rendered an opinion that plaintiff may have a meniscal tear associated with her knee sprain and ordered an MRI to make a more accurate determination. An MRI was performed on 11 January 1993 and was reported as normal.
5. Plaintiff returned to Dr. Timms on 14 January 1993 with continuing complaints and at said time physical therapy was recommended.
6. Plaintiff received physical therapy on three occasions and returned to Dr. Timms on 26 February 1993. At that time Dr. Timms' examination findings were normal, and he released plaintiff from his care.
7. On 19 March 1993 plaintiff returned to Dr. Timms complaining of numbness in her left leg. Dr. Timms' examination findings caused him to suspect that plaintiff's numbness could be of a spinal origin, although plaintiff had not complained to him of back pain. Dr. Timms ordered an MRI of plaintiff's cervical, thoracic and lumbar spine. This MRI was also normal.
8. Dr. Timms was of the opinion that plaintiff did not retain any permanent partial disability to her knee as a result of her compensable injury on 21 November 1992; and that plaintiff's complaints regarding the numbness in her left leg were not related to her workers' compensation injury, primarily because plaintiff had never complained of numbness before. Due to plaintiff's continued complaints; however, Dr. Timms recommended that a neurologist evaluate her to determine the origin of the problem of numbness and weakness in the leg and he declined to rate her for any disability to her leg until evaluated by a neurologist. At the time of hearing, plaintiff had not been evaluated by a neurologist for her leg complaints.
9. Defendants accepted liability for plaintiff's injury to her left ankle by a Form 21 Agreement which was approved by the Commission on 6 January 1993. Defendant-carriers, in that Agreement, did not specify that they were accepting liability for the injury to plaintiff's knee and back. The first document filed in this matter alleging an injury to plaintiff's back was a Form 33 requesting that the claim be assigned for hearing, filed 22 June 1993. That Request for Hearing stated that the parts of the body involved in the claim were the back, left leg and ankle.
10. At the time of the hearing plaintiff still complained of a pinching pain in her back. She continued to miss some days from work as a result of her back and leg problems. Plaintiff testified that her current problems were numbness in the leg, having to walk on her toes, having to roll out of bed due to pain and swelling in the leg and ankle.
11. As a result of her fall on 21 November 1992, plaintiff sustained an injury by accident arising out of and in the course of her employment. As a result of that accident, plaintiff injured her left knee, left ankle and back.
12. Pursuant to a Form 26 Agreement approved by the Industrial Commission in this matter, defendants paid plaintiff temporary partial disability benefits for two weeks. Thereafter, plaintiff returned to work with defendant-employer earning the same or greater wages.
13. At the time of hearing, there was insufficient evidence from which to determine whether plaintiff's current leg problems were related to her compensable injury. Additional medical testing was needed and was ordered in the Interlocutory Opinion and Award.
14. Based upon stipulated records from Dr. Mandell, plaintiff was evaluated by Dr. Howard Mandell, a neurologist on 21 July 1994. In addition to the history given of how the accident occurred, plaintiff also gave a history of post and present severe back and left leg pain, continuing left lower back pain, reduced feeling in the lateral four toes of the left foot, numbness in the sole and top of her foot, occasional left knee jerk and giveaway and back pain radiating into thigh and knee. Dr. Mandell's evaluation of plaintiff on that date was normal with the exception of "reduced pin sensation in a[n] L-5 distribution." Follow-up nerve conduction studies were normal; however, plaintiff's "EMG did show some mild non-specific chronic neurogenic changes in L4-L5 derived muscles of the left leg". Dr. Mandell suspected nerve root irritation and took plaintiff out of work for two weeks. Dr. Mandell diagnosed myofascial back pain and chronic neurogenic changes in the L4-L5 distribution. Plaintiff was given trigger point injections and placed on light duty work.
15. Dr. Mandell treated plaintiff conservatively from 21 July 1994 through 13 February 1995. As of her last visit plaintiff's exam was normal; she was no longer experiencing paraspinal muscle spasms and she had a good range of motion.
16. Plaintiff's left leg weakness and numbness and plaintiff's back pain and muscle spasms were causally related to plaintiff's fall at work on 21 November 1992. Plaintiff had no prior history of back and leg problems and plaintiff's symptoms began immediately after her fall. Plaintiff told the doctor at the time of her first treatment on 24 November 1992 that she twisted her left ankle and knee and that her leg popped at the time of her fall. No weight is accorded the opinion of Dr. Timms that plaintiff's leg numbness and back pain were not related to her compensable fall. As a result of her back pain and other symptoms caused by her compensable fall, plaintiff was unable to work for two weeks during the period beginning 9 September 1994. Plaintiff is entitled to temporary total disability compensation during that period.
16. There is no evidence that plaintiff has sustained any permanent partial impairment to her back and left leg.
17. Plaintiff is entitled to payment by defendant for all medical treatment arising from her compensable injury, including treatment for her left leg and back.
* * * * * * * * * * *
Based upon the foregoing findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant-employer on 21 November 1992 resulting in injury to her left ankle, left leg, left knee and back. N.C. Gen. Stat. § 97-2(6).
2. Plaintiff has sustained no permanent partial disability to her left ankle and her left knee arising out of her admittedly compensable injuries.
3. Plaintiff's symptoms of pain in her back and numbness in her left leg are causally related to her compensable injury by accident on 21 November 1992. Plaintiff is entitled to have defendants pay for any disability and medical treatment arising from these injuries.
4. Since defendants have paid the plaintiff all temporary total disability due pursuant to the Form 21 and 26 Agreements entered herein for the injury to her left ankle and her left knee, plaintiff is not entitled to additional temporary total disability benefits nor permanent partial disability benefits arising from the injury to her left ankle and left knee. Plaintiff is entitled to temporary total disability compensation for two weeks for disability arising from her back and leg injuries, beginning 9 September 1994.
5. Plaintiff is entitled to payment for medical treatment provided due to her compensable injuries. N.C. Gen. Stat. § 97-25.
6. There is no evidence that plaintiff has sustained any permanent partial impairment to her back or left leg resulting from her compensable fall.
* * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law the Full Commission affirms the holding of Commissioner Ballance and enters the following:
AWARD
1. Defendant shall pay to plaintiff temporary total disability compensation at the rate of $113.34 per week for two weeks for the period she was taken out of work beginning 9 September 1994 by Dr. Mandell, subject to an attorney's fee.
2. Defendants shall pay all medical expenses incurred by plaintiff, including the treatment provided by Dr. Mandell, when bills for same have been submitted to defendant and approved through procedures adopted by the Commission.
3. A reasonable attorney's fee of 25% of the award to plaintiff herein is hereby approved for plaintiff's attorney and shall be deducted and paid directly to that attorney.
4. Defendant shall pay the costs due this Commission.
 S/ ______________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ _____________________ J. HOWARD BUNN, JR. CHAIRMAN
S/ _____________________ DIANNE S. SELLERS COMMISSIONER